UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| KEREN SITA, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Case No. 2:25-cv-256 |
| | : |
| U.S. DEPARTMENT OF HOUSING | : |
| AND URBAN DEVELOPMENT and | : |
| JORDAN STALEY, | : |
| | : |
| Defendants. | : |

**ORDER**
**DISMISSING AMENDED COMPLAINT**
(Doc. 7)

Pro se plaintiff Keren Sita was granted *in forma pauperis* ("IFP") status to bring a case against the U.S. Department of Housing and Urban Development ("HUD") and Jordan Staley, a HUD employee. Her proposed Complaint, however, was dismissed upon review under 28 U.S.C. § 1915(e)(2)(B). Plaintiff timely filed a proposed Amended Complaint seeking to allege claims under 42 U.S.C. § 1983 for retaliation in violation of the First Amendment and violation of equal protection under the Fourteenth Amendment against Defendant Staley and under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d ("Title VI") against Defendant Staley and HUD. For the reasons explained below, Plaintiff's Amended Complaint (Doc. 7) is DISMISSED.

I.   **Pertinent Procedural History**

On August 15, 2024, Plaintiff applied for IFP status seeking to bring § 1983 claims for violations of her First, Fifth, and Fourteenth Amendment constitutional rights, discrimination under Title VI, intentional infliction of emotional distress ("IIED"), and defamation against HUD and Mr. Staley. Plaintiff was granted IFP status, however, her Complaint was dismissed upon review under 28 U.S.C. § 1915(e)(2) for lack of subject matter jurisdiction. Plaintiff was granted

leave to file an Amended Complaint and notified that she must assert an applicable waiver of sovereign immunity. *See Sita v. HUD*, No. 24-cv-899, slip op. (Doc. 4) (D. Vt. Dec. 3, 2024).

On February 21, 2025, the court reviewed Plaintiff's timely filed proposed Amended Complaint in which Plaintiff sought to allege 28 causes of action. In contrast to the original Complaint, which was primarily directed against HUD, the Amended Complaint focused on seeking money damages from Mr. Staley. Because the Amended Complaint did not allege a plausible claim against Mr. Staley in his individual capacity and any claims against him in his official capacity as well as claims against HUD were barred by sovereign immunity, the Amended Complaint was dismissed in full. Leave to amend was denied "[b]ecause better pleading is unlikely to cure the deficiencies in Plaintiff's Amended Complaint." *Id*., slip op. (Doc. 7) at 5 (D. Vt. Feb. 21, 2025). Judgment was entered the same day.

Less than a week later, on February 26, 2025, instead of pursuing an appeal, Plaintiff commenced this case by again applying for IFP status and filing another proposed Complaint. *See* Doc. 1. Against both defendants, she sought to allege claims under 42 U.S.C. § 1983 for violations of her First and Fourteenth Amendment rights, Title VI for discrimination, 42 U.S.C. § 1985(3) for conspiracy to violate her civil rights, and state tort law for IIED and fraudulent misrepresentation. (Doc. 5.) Against Defendant Staley, in his individual capacity, Plaintiff alleged a claim under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), for violation of her Fifth Amendment due process rights and defamation under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–80 ("FTCA").

On June 26, 2025, the court granted Plaintiff IFP status, and again dismissed her proposed Complaint upon review under § 1915(e)(2)(B). The court dismissed Plaintiff's claims against HUD for lack of subject matter jurisdiction because Plaintiff did not point to any waiver of HUD's sovereign immunity in her Complaint. Plaintiff's claims against Defendant Staley, in

his official capacity, were dismissed because the FTCA does not waive sovereign immunity for defamation claims and sovereign immunity is not waived where a plaintiff has not first presented the claim to the federal agency. Plaintiff's claims against Defendant Staley, in his individual capacity, were also dismissed. The § 1983 claims failed because Plaintiff did not allege that Defendant Staley, a federal actor, acted under color of state law and her factual allegations did not make out a claim under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). The § 1985(3) claim failed because Plaintiff did not allege an explicit agreement or a tacit understanding between Defendant Staley and anyone else. The court declined to exercise supplemental jurisdiction over the remaining state claims. In light of her pro se status, Plaintiff was again granted leave to file a proposed Amended Complaint. *See* Doc. 4.

## II.     Allegations of Plaintiff's Proposed Amended Complaint.

Plaintiff timely filed a proposed Amended Complaint. She alleges the court has federal question subject matter jurisdiction. She also asserts the court can exercise jurisdiction over her civil rights claims under 28 U.S.C. § 1343(a)(3) and (4).

Plaintiff is a Black woman residing in Chittenden County, Vermont. She filed a housing discrimination complaint with HUD's Office of Fair Housing and Equal Opportunity due to racial discrimination by her housing provider. The HUD regional office in Burlington, Vermont handled the discrimination complaint. Mr. Staley is a Federal Investigator who was the assigned investigator for Plaintiff's complaint. Plaintiff alleges that Defendant Staley, "acting under color of federal law, mishandled the investigation." (Doc. 7 at 1.)

Plaintiff asserts she:

initially attempted to cooperate with Defendant Staley through email and phone calls. However, his responses became increasingly dismissive, delayed, and vague. Despite the seriousness of her civil rights complaint, Plaintiff received no timely or thorough updates and was often left in the dark about the status of her own case. Plaintiff became concerned that her complaint was being mishandled or ignored. She repeatedly sought transparency and meaningful communication

regarding the investigation process. Her tone was direct but professional. On or about August 24, 2023, Plaintiff visited the HUD regional office in Burlington to engage in an in-person inquiry. She asked to speak with the investigator assigned to her case. After confirming Mr. Staley's identity, Plaintiff stated she would be back to speak further, then promptly left to catch public transportation. The encounter was brief, uneventful, and civil. Hours later, Defendant Staley sent Plaintiff an email stating that he perceived her office visit as a "threat," that HUD had closed the office as a result, and that all future communication would be restricted to writing only. The email made no mention of any specific threatening language or conduct. It relied solely on Defendant Staley's subjective and unexplained perception. Plaintiff denies making any threat of any kind—verbal, physical, or implied—and asserts that the designation was fabricated and retaliatory. Plaintiff responded to the accusation in writing, demanding clarification and asking for proof. She pointed out that the building has video surveillance and that no credible threat had occurred. Despite this, Defendant Staley's restriction remained in place. No written warning, citation, or official reprimand was issued—only the informal, unilateral classification of Plaintiff as a "threat," which effectively barred her from continued engagement in the complaint process. HUD never reassigned her case. Plaintiff's complaint was not resolved, investigated, or meaningfully advanced following this incident.

*Id.* at 3–5, ¶¶ 13–24 (internal paragraph numbers omitted).

Plaintiff asserts she made repeated efforts to contact HUD supervisors and regional leadership, requesting reassignment or review of her case but her communications were ignored or deflected. Plaintiff "believes that the 'threat' accusation was . . . rooted in discriminatory assumptions" because it "aligned with long-standing racialized stereotypes about Black women being 'angry,' 'aggressive,' or 'dangerous' when simply advocating for themselves." *Id.* at 4, ¶¶ 29-30. Plaintiff asserts that Defendant Staley's conduct caused her reputational damage, emotional harm, and a chilling effect on her ability to advocate in future legal or administrative processes.

Based on this background and interaction, Plaintiff alleges the following claims: (1) a § 1983 claim for retaliation for exercising her First Amendment rights against Defendant Staley in his individual and official capacities; (2) a § 1983 claim for violation of her Fourteenth Amendment equal protection rights against Defendant Staley in his individual and official

4

capacities; (3) a Title VI claim for racial discrimination against HUD and Defendant Staley in his official capacity.

As relief, Plaintiff seeks compensatory damages for emotional distress, reputational damage, humiliation, and "interference with Plaintiff's legal and professional future" in the amount of $3,000,000, punitive damages against Defendant Staley as well as declaratory and injunctive relief. (Doc. 7 at 7.)

**III.   Review Under 28 U.S.C. § 1915(e)(2).**

Under the IFP statute, "the court shall dismiss [a] case [filed IFP] at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Although the court must read a self-represented plaintiff's complaint liberally and construe it to raise the strongest arguments it suggests, *Harris v. Miller*, 818 F.3d 49, 56 (2d Cir. 2016) (per curiam), "[d]ismissals [under § 1915] are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

A district court must dismiss a case if it determines the court lacks subject matter jurisdiction over the matter. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Courts afford pleadings filed by self-represented parties "special solicitude," *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019), and hold them "to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Nonetheless, a complaint filed by a self-represented litigant must still contain grounds

for the court's subject matter jurisdiction as well as "sufficient factual matter . . . to state a claim" for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

In determining whether a complaint states a claim, the court must "accept as true all of the allegations contained in a complaint" and decide whether the complaint states a plausible claim for relief. *Id.* at 678; *see also* Fed. R. Civ. P. 8(a) (listing required contents of a pleading that states a claim for relief). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Self-represented litigants must satisfy the plausibility standard set forth in *Iqbal*. *See Costabile v. N.Y.C. Health & Hosps. Corp.*, 951 F.3d 77, 80-81 (2d Cir. 2020).

### A.     Plaintiff's § 1983 Claims against Defendant Staley

Plaintiff brings Counts One and Two of her Amended Complaint against Defendant Staley in both his individual and official capacities and seeks to allege claims under § 1983.[1] "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Buon v. Spindler*, 65 F.4th 64, 78 (2d Cir. 2023) (internal quotation marks omitted). "The Supreme Court has explained that the purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257-58 (2d Cir. 2008) (cleaned up). For this reason, "[c]onstitutional torts are only actionable against state actors or

---

[1] As explained below, any claims against Defendant Staley in his official capacity require a waiver of sovereign immunity.

private parties acting under the color of state law." *Betts v. Shearman*, 751 F.3d 78, 84 (2d Cir. 2014) (internal quotation marks omitted).

Even assuming that Plaintiff has properly alleged either a First or Fourteenth Amendment violation, she has failed to plausibly allege that Defendant Staley was acting under color of state law as required to state a claim under § 1983. In fact, in the Amended Complaint, Plaintiff alleges that Defendant Staley, a federal investigator, acted under federal law. *See, e.g.*, Doc. 7 at 1 ("Mr. Staley, acting under color of federal law, mishandled the investigation[.]"); *id.* at 2, ¶ 7 ("Defendant Jordan Staley is a Federal Investigator employed by [HUD] . . . . He was assigned to Plaintiff's case and, at all relevant times, acted under color of federal law."). Consequently, because Defendant Staley is alleged to be a federal actor, not a state actor, who was acting under federal law, not state law, Plaintiff fails to state a § 1983 claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's § 1983 claims in Counts One and Two are DISMISSED.

      **B.**     **Plaintiff's Title VI Claims against HUD and Defendant Staley**

Plaintiff brings Count Three of her Amended Complaint against Defendant Staley, in both his individual and official capacities, and HUD seeking to allege a claim under Title VI. Title VI prohibits racial discrimination. It provides that "[n]o person in the United States shall, on the ground of race, color or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C § 2000d. Title VI permits suits against public or private entities receiving federal funds.

"Title VI claims cannot be asserted against an individual defendant because the individual is not the recipient of federal funding." *Goonewardena v. New York*, 475 F. Supp. 2d

310, 328 (S.D.N.Y. 2007). For this reason, Plaintiff fails to state a claim under Title VI against Defendant Staley in his individual capacity on which relief may be granted.

To state a claim against HUD, Plaintiff has been informed that she "bears the burden of establishing that her claims fall within an applicable waiver" of sovereign immunity. (Doc. 4 at 6.) Notwithstanding the court's instruction in granting leave to amend that Plaintiff "must assert an applicable waiver of sovereign immunity," *id.* at 11, nowhere in the Amended Complaint does Plaintiff point to any source of a waiver of HUD's sovereign immunity. Accordingly, the court lacks subject matter jurisdiction over any claim against HUD.

Sovereign immunity also protects federal officers in their official capacities from suit unless immunity has been waived. *See Tanvir v. Tanvin*, 894 F.3d 449, 461 (2d Cir. 2018) ("A plaintiff may not sue a federal officer in her official capacity for money damages, because such suit seeks money from the federal government, and sovereign immunity would bar recovery from the federal government absent an explicit waiver."). In the Amended Complaint, Plaintiff points to no source of a waiver of sovereign immunity for her claims against Defendant Staley in his official capacity. As a result, the court lacks subject matter jurisdiction over any claim against Defendant Staley in his official capacity.

For these reasons, Plaintiff's Title VI claims in Count Three are DISMISSED.

### IV.     Leave to Amend

The Second Circuit has cautioned that a court "should not dismiss a pro se complaint without granting leave to amend at least once." *Garcia v. Super. of Great Meadow Corr. Facility*, 841 F.3d 581, 583 (2d Cir. 2016) (per curiam) (internal quotation marks omitted). However, "[l]eave may be denied for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (internal quotation marks omitted).

Leave to amend would be futile for Plaintiff's § 1983 claims because Defendant Staley is a state actor. *See Biswas v. Rouen*, 808 F. App'x 53, 53 (2d Cir. 2020) ("Amendment is futile where the problems with the complaint's claims are substantive and not the result of inartful pleading.") (cleaned up). Plaintiff attempted to assert claims for violations of her constitutional rights against him as a federal actor under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), and the court explained the Bivens remedy does not extend to claims alleging a violation of the First or Fourteenth Amendments. *See* Doc. 4 at 9. For this reason, further amendment in that vein would also be futile.

As noted above, the court has explicitly notified Plaintiff multiple times that she must assert an applicable waiver of the sovereign immunity. Plaintiff has failed to do so. Further, the court is not aware of a source of sovereign immunity that would permit Plaintiff's claims against HUD or Defendant Staley in his official capacity based on the alleged facts of Plaintiff's case. As a result, further leave to amend to seek to assert claims against these defendants in a fifth pleading is not granted. *Smith v. United States*, 554 F. App'x 30, 32 (2d Cir. 2013) (affirming sovereign immunity barred claims and holding because this "fatal substantive defect[] . . . could not be cured by further pleading, the district court did not abuse its discretion in denying leave to amend") (footnote omitted).

## CONCLUSION

For the reasons discussed above, Plaintiff's Amended Complaint (Doc. 7) is DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 12(h)(3) without leave to amend. Plaintiff is further warned that a third case concerning the same events at issue in this case may result in the issuance of a filing injunction. *Malley v. N.Y. City Bd. of Educ.,* 112 F.3d 69, 69 (2d Cir. 1997) (filing injunction may issue if numerous complaints filed are based on the same

events).  The court certifies that any appeal would not be taken in good faith under 28 U.S.C. § 1915(a)(3).

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 10th day of December 2025.

/s/ William K. Sessions III
William K. Sessions III
District Court Judge